## MARZIALE v WILSON

Ohio Appeals, 1st Dist, Hamilton Co

Decided May 15, 1939

Ginocchio & Ginocchio, Cincinnati, for appellant.

Clark & Robinson, Cincinnati, for appellee.

## OPINION

By HAMILTON, PJ.

The suit was for personal injuries suffered by plaintiff in falling on the sidewalk on Thirteenth street in the city of Cincinnati.

The trial resulted in a verdict and judgment for defendant.

Plaintiff appeals and urges several grounds of error for reversal of the judgment.

The trial court erred, first, in presenting the issues to the jury, and this led to errors in the granting and refusal of special charges, and also error in the general charge.

The court charged the jury that there was no case of negligence to go to the jury, but that the only question for it to consider was the claimed wilfull and wanton misconduct of defendant, causing plaintiff's injury, and charged that unless plaintiff proved wilfull and wanton misconduct, she could not recover.

Whether the trial court concluded that the fact that plaintiff in a paragraph in her amended petition did specifically charge wilfull and wanton misconduct limited her in her recovery to proof of that specification; or whether the court had in mind a directed verdict on the question of ordinary negligence, we do not know. Nevertheless, the court was in error on either ground.

The amended petition charged in substance that the defendant about 9:30 o'clock A.M., on January 3, 1938, sprinkled the sidewalk in front of his property. At the time the temperature was many degrees below freezing. It was further alleged that the sidewalk

slopes downward about ten inches at that point; and that the defendant knew that the water thrown thereon would form ice and failed to take any precaution to prevent said sidewalk from becoming dangerous to persons using the same. It is further alleged that the water did congeal into ice, so that the entire sidewalk in front of defendant's premises was covered with ice and extremely slippery; and that there was no other place upon the sidewalk of any accumulation of ice or water.

These allegations, in substance, allege an actionable nuisance in the street, placed there by the defendant.

The plaintiff, an elderly woman, was passing on the sidewalk on her way down town. She stepped on this created icy place and fell receiving serious injuries. These facts alone would entitle the plaintiff to have her case go to the jury on the question of negligence. On this question, her conduct as to due care would be an issue.

She further charges in her amended petition that under the facts set forth that defendant was guilty of wilfull and wanton negligence, causing her injury.

If the evidence established wilfull and wanton misconduct, then contributory negligence of plaintiff would be eliminated from the consideration of the jury.

The facts alleged and established by the evidence fix the character of the conduct of the party, and not the mere designation of the same by the pleader.

The facts alleged and the law do not not limit recovery to wilfull and wanton misconduct in such cases, and the court committed prejudicial error in so doing.

The ice cases cited by counsel for appellee are not in point. Those cases relate to accumulation of ice by precipitation covering the street generally, and relate to the liability of the municipality.

The case under consideration was a

created nuisance on the public sidewalk, dangerous to persons using the same. However that may be, in this case, the icy condition created by defendant was not obvious according to the evidence. It was a thin scum of ice over a dirty sidewalk, and one came upon it unexpectedly, as did plaintiff in this case.

Upon these considerations, the giving of defendant's special charges Nos. 1 and 10 were prejudicial error, as was the general charge.

The case should be tried and submitted as a nuisance case, and if wantonness on the part of the defendant in creating the nuisance is shown, plaintiff's contributory negligence, if any was shown, would not defeat recovery.

The judgment is reversed, and the cause is remanded to the trial court for a new trial and further proceedings according to law.

MATTHEWS and ROSS, JJ, concur.